UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 17-105 |
| MICHAEL CALAGNA | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendant Michael Calagna's pro se motion for compassionate release due to the COVID-19 pandemic. For the reasons that follow, the motion is DENIED.

**Background**

On June 27, 2018, Michael Calagna was sentenced to 57 months' imprisonment for knowingly and intentionally accessing, with intent to view, pornography involving a prepubescent child under the age of twelve.[1] On December 17, 2020, Calagna moved for compassionate release in light of perceived health risks relating to the COVID-19 pandemic.

Because the Government concedes that Calagna exhausted his administrative remedies before filing his motion, the Court turns directly to the merits of Calagna's plea for compassionate release.

---

[1] The facts underlying Calagna's conviction are disturbing. See Factual Basis, Rec.Doc. 23. In the least graphic of terms, Calagna confessed to joining a 2015 Zoom teleconference in which participants viewed explicit videos showing children engaged in sexual conduct with adult men and other children.

1

I.

With narrow exceptions, federal law provides that courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). As relevant here, Congress has provided that courts may reduce a defendant's term of imprisonment when "extraordinary and compelling reasons warrant such a reduction." Id. § 3582(c)(1)(A)(i).

Here, the reasons Calagna provides in support of his proposed reduction are neither "extraordinary" nor "compelling." Apart from generalized COVID-19 concerns that any defendant could raise in such a motion,[2] Calagna cites his hypertension, hyperlipidemia, gastroesophageal reflux disease (GERD), and prediabetes as medical conditions making him particularly susceptible to the virus.

Neither such condition places Calagna at a particularly severe risk of dire COVID-19 complications. Indeed, courts have repeatedly found that "hypertension does not amount to an

---

[2] As courts have repeatedly held, generalized concerns about the spread of COVID-19 do not justify compassionate release. See, e.g., United States v. Williams, 2020 WL 5311383, at *1 (E.D. La. Sept. 4, 2020); see also United States v. Smothers, 2020 WL 6746932, at *1 (E.D. La. Nov. 17, 2020) ("As is now conventionally understood, the continued spread of COVID-19 poses at least some health risk to *all* Americans, whether incarcerated or not. In this unfortunate but increasingly familiar reality, when a defendant moving for compassionate release cannot persuasively demonstrate an affirmative likelihood that the pandemic places him at a particularly greater risk than a typical law-abiding citizen in general society, a judicial reduction of his validly imposed sentence will seldom be warranted by 'extraordinary and compelling reasons.'").

extraordinary or compelling reason for release." See United States v. Chambers, 2020 WL 4260445, at *4 (E.D. La. July 24, 2020) (collecting cases). And the same goes for hyperlipidemia, GERD, and prediabetes, which are not recognized by the CDC as medical conditions that *do* or *might* expose an individual to a heightened risk of severe illness from COVID-19. See CDC, COVID-19, PEOPLE WITH CERTAIN MEDICAL CONDITIONS (Dec. 29, 2020).

The equally important fact that Calagna has displayed a propensity for fueling a deleterious demand for child pornography further counsels against a reduction in his duly imposed sentence.

\*     \*     \*

In short, because the evidence before the Court does not suggest that COVID-19 poses a greater threat to Calagna than Calagna poses to society, there is no extraordinary and compelling reason for Calagna's proposed sentence reduction.

Accordingly, IT IS ORDERED: that the defendant's motion is DENIED without prejudice to the defendant's ability to re-file as changing circumstances may warrant.

New Orleans, Louisiana, January 25, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

3